YEUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARSHA L. PAYTON,

    Plaintiff,

v.                                       Case No: 6:17-cv-1339-Orl-18TBS

DIRECTOR OFFICE CHIEF COUNSEL,
DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc 6). I respectfully recommend that the motion be **DENIED** and that Plaintiff's complaint be **DISMISSED**, without leave to amend.

Federal courts may allow an individual to proceed *forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del.

2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th

Cir. 2010).

Applied here, as is evident by the allegations and attachments to the complaint (Doc. 1), this is the latest in a series of actions brought by this Plaintiff in numerous courts over several years, relating to her 2004 termination of employment. As summarized by United States Magistrate Judge Charles A. Stampelos of the Northern District of Florida, in a recent Report:

> Plaintiff has already sought to litigate these claims because she filed complaints in the Middle District of Florida and in the Southern District of Florida. See Payton v. Secretary, Department of Homeland Security, No. 617CV8120RL18DCI, 2017 WL 2537253, at *2 (M.D. Fla. June 8, 2017). A Report and Recommendation was entered on June 8, 2017, by United States Magistrate Judge Daniel C. Irick which noted that this same case was "filed in all three District Courts in Florida" and "is wholly without merit." Id. She cannot proceed in all three federal courts simultaneously, nor can she re-litigate claims which are clearly time barred and have already been resolved.
>
> Judicial notice is taken that of the fact that Plaintiff, admittedly, has been litigating the issues surrounding her 2004 termination for 13 years. See Payton v. Dep't of Homeland Sec., 502 F. App'x 942, 943 (Fed. Cir. 2013) (dismissing successive appeal "related to her removal from the position of Management Program Specialist with the United States Customs and Border Protection in 2004" on basis of claim preclusion, and noting she previously filed "eight such petitions for review."). That court noted Ms. Payton's first petition was dismissed as untimely in March 2006, and her next four petitions were denied in November 2008. Payton, 502 F. App'x at 943; see also Payton v. Dep't of Homeland Sec., 403 F. App'x 496, 496 (Fed. Cir. 20.10) (dismissal appeal which sought review of final order of the Merit Systems Protection Board which dismissed her appeal for lack of jurisdiction (citing Payton v. Dep't of Homeland Sec., 113 M.S.P.R. 463 (2010)).[fn omitted] Following that dismissal, her petition for writ of certiorari was denied by the United States Supreme Court. Payton v. Dep't of Homeland Sec., 133 S. Ct. 2779, 186 L. Ed. 2d 227 (2013). In March 31, 2014, another petition for writ of certiorari was denied by the Supreme Court. Payton v. Merit Sys. Prot. Bd., 134 S. Ct. 1783, 188 L. Ed. 2d

> 590 (2014). Similarly, two prior petitions for writ of certiorari were denied in 2013. Payton v. Dep't of Homeland Sec. 133 S. Ct. 2779, 186 L. Ed. 2d 227 (2013); Payton v Merit Sys. Prot. Bd., 134 S. Ct.389, 187 L. Ed. 2d 65 (2013). Plaintiff has filed at least ten appeals challenging her removal in 2004 and the failure of the Department of Homeland Security to reinstate her. Payton v. Merit Sys. Prot. Bd., 513 F. App'x 963, 965 (Fed. Cir. 2013) (affirming the dismissal of her appeal for lack of jurisdiction).

Payton v. John F. Kelly, Secretary, Dep't of Homeland Security, Case No. 4:17cv204-MW/CAS (N. D. Fla., June 29, 2017) (attached to the complaint filed here as Doc. 1-1 at 13-14). Because Plaintiff's complaint is nothing more than another attempt to litigate claims which have been found to be without merit, time barred, and barred by the doctrine of *res judicata,* and this Court has already denied Plaintiff's motion to prosecute her claim without leave to amend, in an earlier case (Payton v. Secretary, Department of Homeland Security, No. 17CV8120RL18DCI), I find that Plaintiff has not and cannot state a cognizable claim, as a matter of law. As such, her motion is frivolous.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **denied.**

2. Plaintiff's complaint be **dismissed, without leave to amend**; and

3. That this case be **closed**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties